UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kathryn Wilder,　　　　　　　　　　　　　　　　　　Case No. 22-cv-6 (NEB/DJF)

　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　**ORDER**

Amy Horihan; and Nystrom and Associates
Human Resources Director

　　　　　　　Defendants.

　　　　On October 25, 2022, Plaintiff Kathryn Wilder filed a statement on the Court's Docket ("Statement") (ECF No. 25). Ms. Wilder's Statement makes a series of requests, including, "I am asking for immunity from being sued, a lawyer, and immunity from having to give my health and tax information." (*Id.*) The Statement further requests, "I[f] I can[']t be provided those…please dissolve the case." (*Id.*) The Court construes Ms. Wilder's Statement as containing certain motions for non-dispositive relief, including a motion for appointment of counsel and a motion for a protective order related to discovery requests for her health and tax information.[1]

　　　　For the reasons set forth below, the Court declines to grant either request.

**1.　　Appointment of Counsel**

　　　　The Court previously granted Ms. Wilder's application to proceed in this case without prepaying fees or costs (ECF No. 3). There is no constitutional or statutory right to appointed counsel in civil cases, however. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, the appointment of counsel is a matter of the Court's discretion. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Factors to consider in deciding

---

[1] This Order does not address any motions for dispositive relief that might be construed from

whether to appoint counsel include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases).

The Court recognizes Ms. Wilder's desire for appointment of counsel.  Nonetheless, the Court cannot conclude that litigating this action will be factually or legally complex, or that Ms. Wilder lacks the ability to investigate this action's facts or present her arguments to the Court.  Moreover, while conflicting testimony may emerge later on, this factor does not currently outweigh the others.  The Court therefore declines to appoint counsel at this time.

**2.      Protective Order**

Ms. Wilder's Statement appears to request a protective order against discovery into her health and tax information.  But the Statement does not restate the contents of the discovery requests from which she seeks protection or otherwise describe in any detail the information sought.  Without more, the Court cannot determine that the discovery requests from which she seeks protection are objectionable.

Moreover, Ms. Wilder's Complaint (ECF No. 1) is largely based on allegations that Defendants discriminated against her in violation of the Americans with Disabilities Act ("ADA"), 42 USC §§ 12101, et seq., when they accused her of having "very serious mental health issues." (ECF No. 1 ¶¶ 3, 8(h); *see also id.* 9(f), 10(4) (other allegations related to Ms. Wilder's health).) Whether Defendants are liable to Ms. Wilder under the ADA will depend on whether she is a "qualified individual" within the meaning of the statute, who can perform the essential job functions with or without "reasonable accommodation."  42 U.S.C. §§ 12112(a); 1211(8) and (9).  These

---

the Statement.

claims put the status of Ms. Wilder's mental health squarely at issue.

Ms. Wilder further asserts claims for loss of wages and alleges that Defendants underpaid her. (*Id.* 10(3).) Tax records establishing Ms. Wilder's income during the relevant period of time are potentially relevant to her damages claim.

Ms. Wilder now asks the Court to prevent Defendants from discovering her health or tax information. (ECF No. 26.) Parties may discover any relevant, unprivileged information that is admissible at trial and proportional to the needs of the case. *See* Fed.R.Civ.P. 26(b)(1). Information within the scope of discovery need not be admissible in evidence to be discoverable. *Id.* However, the Court may issue a protective order to prevent discovery when "justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c). Because Ms. Wilder's health and tax information appears relevant to her claims, and there is no information in the record to suggest that Defendants' requests are overbroad or otherwise disproportional to the needs of the case, or intended to embarrass or harass Ms. Wilder, the Court cannot conclude that any request for such information is improper. *Schoffstall v. Henderson,* 223 F.3d 818, 822-23 (8th Cir. 2000). The Court therefore declines to grant blanket protection for all of Plaintiff's health and tax information.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Kathryn Wilder's request for appointment of counsel (ECF No. [26]) is **DENIED**; and

2. Ms. Wilder's request for a protective order with respect to discovery of her health and tax information (ECF No. [26]) is **DENIED**.

Dated: October 26, 2022

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge