## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Kathryn Wilder,                                    Case No. 22-cv-6 (NEB/DJF)

        Plaintiff,

v.                                                 **ORDER**

Amy Horihan; and Nystrom and Associates
Human Resources Director

        Defendants.

This matter is before the Court on Defendants' Motion to Compel and Extend Deadlines. ("Motion") (ECF No. 29). Defendants filed their Motion on November 28, 2022. (ECF No. 29.) Plaintiff's response was due December 5, 2022. D. Minn. L. R. 7.1(b)(2). Plaintiff did not file a response; therefore, the Court decides the Motion on the papers before it.

On October 13, 2022, Defendants served Plaintiff with Interrogatories and Requests for Production of Documents. (ECF No. 32 ¶2). On October 17, 2022, the Court ordered the parties to submit a joint update on the status of the case. (ECF No. 24.) On October 25, 2022, Plaintiff filed a response indicating that she opposed Defendants' discovery requests because they sought protected information. (ECF No. 25.) On October 26, 2022, the Court construed Plaintiff's response as a request for protective order against discovery into her health and tax information (" Order"). (ECF No. 27.) The Court denied the request, stating, "[b]ecause Ms. Wilder's health and tax information appears relevant to her claims, and there is no information in the record to suggest that Defendants' requests are overbroad or otherwise disproportional to the needs of the case, or intended to embarrass or harass Ms. Wilder, the Court cannot conclude that any request for such information is improper." (*Id.* at 3.) On November 7, 2022, Plaintiff filed a response in objection to the Court's

Order and stated, "For the third time, DROP IT.  I DONT WANT TO HEAR FROM ANYONE INVOLVED AGAIN."  (ECF No. 28 (emphasis in original).)  Defendants subsequently sent Plaintiff an email with a stipulation for dismissal.  (ECF 32 ¶ 4.)  Plaintiff did not respond to the email, or to any discovery requests.  (*Id.* ¶ 5.)

Defendants now seek to compel Plaintiff's responses to their discovery requests.  (ECF No. 29.)  Defendants are entitled to full and complete responses to their written discovery requests, including access to Plaintiff's medical records.  *See, e.g.*, *Schoffstall v. Henderson,* 223 F.3d 818, 823 (8th Cir. 2000).  ("Parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence.").  The Court already determined that Defendants' discovery requests are relevant to Plaintiff's claims, not overbroad or otherwise disproportional to the needs of the case, and that they are not intended to embarrass or harass Plaintiff.  (ECF No. 27.)  Moreover, Plaintiff did not respond to Defendants' proposed stipulation to dismiss this case.  (ECF No. 32 ¶ 5.)  If Plaintiff does not wish to dismiss this case, she must participate in discovery.  The Court therefore grants Defendants' Motion.  Plaintiff must respond to Defendants' discovery responses by December 21, 2022, failing which, the Court may impose sanctions.

Defendants further move to extend the fact discovery deadline by forty-five (45) days after the date of this Order.  (ECF No. 31.)  "[A] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The Court finds good cause to extend the fact discovery deadline and all other affected deadlines in the Pretrial Scheduling Order (ECF No. 18) by forty-five days, so that there is sufficient time to complete fact discovery and an appropriate interval between other deadlines.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Compel and Extend Deadlines (ECF No. [29]) is **GRANTED** as follows:

1.      Plaintiff must provide answers to Defendants' Interrogatories (Set I) by **December 21, 2022**.

2.      Plaintiff must respond to Defendants' Requests for Production of Documents to Plaintiff (Set I) by **December 21, 2022**.

3.      Plaintiff must execute Defendants' medical and employment authorizations as written without any revisions by **December 21, 2022**.

4.      The Pretrial Scheduling Order (ECF No. [18]) is amended as follows:

      a.      Fact discovery must be completed by **January 30, 2023**;

      b.      Non-dispositive motions relating to fact discovery must be filed and served by **February 13, 2023**;

      c.      Dispositive motions must be filed and served by **July 28, 2023**; and

      d.      This matter shall be ready for trial by **November 27, 2023**.

5.      All other requirements of the Pretrial Scheduling Order (ECF No. [18]) remain in full force and effect.

6.      The Court may impose sanctions if Plaintiff fails to comply with this Order.


Dated:  December 14, 2022                    *s/ Dulce J. Foster*
                                                                                        DULCE J. FOSTER
                                                                                        United States Magistrate Judge